a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JER'MARISE BOLDEN #34447-057, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00270 SEC P |
| VERSUS | JUDGE DRELL |
| F B O P, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint and Amended Complaint filed by Jer'Marise Bolden ("Bolden") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF Nos. 1, 7. Bolden is incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). He alleges the violation of his constitutional rights.

Because Bolden fails to state a viable *Bivens* claim, his Complaint and Amended Complaint (ECF Nos. 1, 7) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Bolden alleges that he fell in the shower on November 13, 2023, due to inadequate drainage. ECF No. 1 at 3. Bolden asserts that he was "left on the floor" from 7:00 p.m. until 9:00 a.m. the following morning. Bolden waited one month before officers transported him to the hospital for medical treatment. He seeks compensation for alleged nerve damage to his neck and back.

1

Bolden also asserts that he was provided with insufficient dinner trays on December 1, 7, and 13, 2023. ECF No. 7 at 1, 3.

Bolden claims that on December 2, 2023, officers "purposely destroyed" documents in his cell and "tore his mattress." ECF No. 7 at 1.

Bolden alleges that on December 5, 2023, the doctor was rude and disrespectful towards him and refused to give him "an extra mat" for his back and neck. *Id.* at 2.

On December 7, 2023, Bolden received x-rays of his neck and back. However, when he returned to the penitentiary, his food was cold. *Id.* at 3.

On December 14, 2023, the doctor informed Bolden that he did not need a neck brace or wheelchair. *Id.* at 7.

## II. Law and Analysis

### A. Bolden's Complaint is subject to preliminary screening.

Because Bolden is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Bolden fails to state a viable *Bivens* claim.

Although 42 U.S.C. § 1983 entitles an injured person to money damages if a state official violates the person's constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 582 U.S. 120 (2017).

In *Bivens*, however, the United States Supreme Court created a cause of action for money damages under the Fourth Amendment where federal agents allegedly "manacled" the plaintiff "in front of his wife and children and threatened to arrest the entire family"; "searched the apartment from stem to stem"; and took him to a federal courthouse where he was "interrogated, booked, and subjected to a visual strip search." *Bivens*, 403 U.S. at 389.

Over the next decade, the Supreme Court recognized two other causes of action against federal officers: (1) for gender discrimination against a former congressional staffer in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (2) for a failure to provide an asthmatic prisoner with adequate medical care in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980). Since then, the Supreme Court has not once extended the *Bivens* remedy, and it has declined to do so at least a dozen times. *See Looper v. Jones*, 22-40579, 2023 WL 5814910, at *1 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) (citing *Egbert v. Boule*, 596 U.S. 482 (2022)).

The Supreme Court has repeatedly emphasized that recognizing a cause of action under *Bivens* is "a 'disfavored' judicial activity," *Abbasi*, 582 U.S. at 135 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)), because "creating a cause of action is a legislative endeavor," *Egbert*, 596 U.S. at 491. "So today, '*Bivens* claims generally are limited to the circumstances' of *Bivens*, *Davis*, and *Carlson*." *Looper*, 2023 WL 5814910, at *1 (citing *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020)).

3

When analyzing a proposed *Bivens* claim, a court must consider: (1) whether the case presents a new context; and (2) if so, whether there are any alternative remedies or special factors indicating that judges are "at least arguably less equipped than Congress" to create a damages remedy. *Egbert*, 596 U.S. at 492.

A proposed *Bivens* claim is "new" if the case is different in a meaningful way from *Bivens*, *Davis*, or *Carlson*. *See Abbasi*, 582 U.S. at 139. "Virtually everything else is a 'new context'" and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Oliva*, 973 F.3d at 442 (citations omitted)[1].

1.  <u>Bolden's medical care claims.</u>

Bolden's allegations regarding his medical care arguably arise under *Bivens*. However, Bolden asserts a disagreement with medical treatment, which is insufficient to state a viable *Bivens* claim.

"The denial or delay of treatment for serious medical needs violates the Eighth Amendment, which prohibits cruel and unusual punishment." *Carlucci v. Chapa*, 884

---

[1] As the Supreme Court has explained:

> Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, at 1859–60.

F.3d 534 (5th Cir. 2018). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "To show a violation of the Eighth Amendment, the plaintiff must prove: (1) 'objective exposure to a substantial risk of serious harm'; and (2) 'that prison officials acted or failed to act with deliberate indifference to that risk.'" *Carlucci*, 884 F.3d at 538 (quoting *Gobert*, 463 F.3d at 345-46). Deliberate indifference "equates to the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

"[T]he denial of recommended medical treatment is often sufficient to show deliberate indifference" and a "delay in medical treatment that results in substantial harm can constitute deliberate indifference." *Id.* However, a "disagreement about the recommended medical treatment is generally not sufficient." *Id.* To satisfy this "extremely high standard," a litigant "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Bolden fell on November 13, 2023. Although Bolden complains that he was not transported to the emergency room that day, his Amended Complaint indicates that he received medical care at USP-P. Bolden provides a prescription label for

methylprednisolone 4mg tablets, prescribed to him on November 29, 2023[2]. ECF No. 7 at 2. Additionally, Bolden references another medical appointment on December 7, 2023, where he received x-rays of his neck and back. *Id.* Bolden disagrees with Dr. Pennison's December 14, 2023, opinion that he no longer needed a brace or wheelchair.

Bolden does not allege that Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or wantonly disregard any serious medical needs. His disagreement with the diagnosis and course of treatment is insufficient to state an unconstitutional denial of medical care claim. *See Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

2. **Bolden's other claims.**

Bolden's claims regarding inadequate and cold meals; the destruction of personal property; and the broken drain in his cell, raise new contexts under *Bivens*. Alternative remedies are available to Bolden, and additional factors counsel against a *Bivens* extension. *See Egbert*, 596 U.S. at 492. For example:

> Congress has created a comprehensive scheme to govern suits brought by prisoners against federal jailers in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, enacted fifteen years after *Carlson*. *See Ziglar*, 582 U.S. at 148–49; *Watkins*, 998 F.3d at 685. When enacting this legislation, "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Ziglar*, 582 U.S. at 148. But Congress chose not to "provide for a standalone damages remedy against federal jailers" and arguably "chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* at 149; *see also Schweiker v.*

---

[2] Bolden asserts that medical staff failed to refill his prescription, but the information provided indicates that no refills were prescribed. ECF No. 7 at 2.

>
> *Chilicky*, 487 U.S. 412, 423 (1988). Since "Congress has repeatedly declined to authorize the award of damages," we may not do so, *Mesa*, 140 S. Ct. at 747, even if we thought the PLRA remedy was "inadequate" here, *Egbert*, 142 S. Ct. at 1806.

*Looper*, 2023 WL 5814910, at *2.

Prisoners may seek relief under the Federal Tort Claims Act ("FTCA") or the Bureau of Prison's Administrative Remedy Program. Both provide an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

### III. Conclusion

Because Bolden has not stated a plausible claim under *Bivens*, IT IS RECOMMENDED that his Complaint and Amended Complaint (ECF Nos. 1, 7) be DENIED and DISMISSED WITH PREJUDICE pursuant to §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, August 13, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE